IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL POWELL                                                                              PLAINTIFF

V.                                               CIVIL ACTION NO. 3:21-CV-00015-RP

BEVERLY MCMULLEN and
WINIFRED ANDERSON                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff Michael Powell, proceeding *pro se* and *in forma pauperis*, filed the instant suit under 42 U.S.C. § 1983 against Beverly McMullen and Winifred Anderson, alleging that they violated his constitutional rights by interfering with his access to the courts, namely that their actions impeded his ability to pursue post-conviction relief in a timely manner. Defendants have moved for summary judgment. Powell failed to file a response, and the matter is now ripe for resolution. Having reviewed the submissions and arguments of the parties, as well as the applicable authority, the Court finds that Defendants' motion should be granted.[1]

Plaintiff's Allegations and Background Facts

Powell is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and was formerly housed at the Marshall County Correctional Facility ("MCCF") located in Holly Springs, Mississippi, at all times pertinent to the instant action. Doc. # 1. Defendant Beverly McMullen serves as MCCF's Deputy Warden of Programs and Defendant Winifred Anderson is the coordinator of MCCF's Inmate Legal Assistance Program. *See* Doc. #s 27-7, 27-8; *see also* Doc. # 1.

---

[1] As Powell consented to United State Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. # 5, the undersigned has the authority to enter this order and the accompanying judgment.

Powell entered MDOC custody on April 5, 2011, following a conviction for armed robbery, to serve an eight (8) year sentence. *See* Michael Powell's MDOC inmate information accessible at https://www.ms.gov/mdoc/inmate/Search/GetDetails/166342 (last accessed on October 18, 2021); *see also* Doc. # 1, p. 5. On February 5, 2016, Powell pled guilty to charges of manslaughter and aggravated assault stemming from a fatal altercation that occurred while he was housed at the Wilkinson County Correctional Facility in Woodville, Mississippi. *See* Doc. #s 27-1; 27-2; *see also* Doc. # 1, p. 5. Pursuant to his guilty plea, Powell was sentenced to twenty (20) year terms on each count, with each to run consecutively to the other, but concurrently to the sentence for armed robbery which he was already serving. *See id.*

According to Powell, on September 25, 2018, he submitted a "Post-Conviction Collateral Relief appeal"[2] to McMullen for mailing to the Wilkinson County Circuit Court and the Wilkinson County District Attorney's Office. *See* Doc. # 1, pp. 8-9. Powell asserts that McMullen notarized his petition and made necessary copies, which were then placed in envelopes and addressed to the appropriate circuit court clerk and district attorney. *Id.* at 9.

Powell further asserts that, on February 5, 2019,[3] he submitted an amendment to his PCR petition to Anderson for mailing to the Wilkinson County Circuit Court Clerk and the Wilkinson County District Attorney's Office. *See id.* at 9. Powell avers that Anderson notarized his amended petition and received it for mailing. *Id.* Powell's MCCF records indicate that he also requested an "indigent form" and legal services on the same date due to a looming deadline, and legal services were notified accordingly. *See* Doc. # 27-3, p. 2.

---

[2] Although labeled as an "appeal," the Court is certain that Powell's submission was that of a motion for post-conviction relief ("PCR").
[3] This is also the date which Powell asserts was the deadline for filing his PCR petition. *See* Doc. # 1, p. 9.

2

According to Powell, he sent a number of other documents related to his PCR petition to the Wilkinson County Circuit Clerk and copies of said documents were returned to him as filed by the circuit clerk's office. Doc. # 1, p. 9; *see also* Doc. # 27-4, p. 3; Doc. #s 23-57, 23-58, 23-60, 23-62, 23-63, 23-64, 23-65, 23-68. Due to these returned copies, Powell believed that his PCR motions had also been filed and were awaiting the circuit court's ruling. Doc. # 1, p. 9.

On or about September 16, 2020, however, Powell learned from his mother that the circuit clerk's office had not received either of his PCR petitions. *Id.* at 11. Powell contends that his PCR claims are now time-barred because it has been more than three years from the date of his conviction. *Id.* at 12. As such, Powell accuses Defendants of failing to send his PCR petitions to the Wilkinson County Circuit Clerk's office for filing. *Id.* at 11.

Powell filed the instant action on January 25, 2021, alleging that McMullen and Anderson violated his constitutional right of access to courts. Doc. # 1. By way of relief, Powell requests that he be permitted to file his PCR petition out of time and asks for monetary damages in the amount of eight hundred and fifty thousand dollars ($850,000.00). *Id.* at 13. On September 1, 2021, Defendants filed a motion for summary judgment. Doc. # 27. Powell failed to respond to the motion, and the time for doing so has passed.

Summary Judgment Standard

Summary judgment is appropriate only when the pleadings and evidence, viewed in the light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation and internal

quotation mark omitted). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. Of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. In other words, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Beck*, 204 F.3d at 633. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73(1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). If no proof is presented, however, the Court does not assume that the non-movant "could or would prove the necessary facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Discussion

Prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993)). The right of access to the courts is limited to allow prisoners the opportunity to file non-frivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322,

325 (5th Cir. 1999). "Interference with a prisoner's right to access the courts, such as a delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment from the denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see also Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment—a true denial of access—such as the loss of a motion, the loss of a right to commence, prosecute, or appeal in court, or a significant delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 1970).

Powell contends that, because his filings were not received by the circuit court, Defendants must have failed to mail his petition and supplemental amendment, despite his requests. As noted above, Powell alleges that he submitted his original PCR petition for mailing on September 25, 2018, and then submitted his amendment to the PCR petition for mailing on February 5, 2019. *See* Doc. # 1, pp. 8-9. MCCF's mail log indicates that Powell's original petition was in fact mailed on September 25, 2018, the date Powell alleges he gave the petition to McMullen. *See* Doc. # 27-5. McMullen also marked and initialed the mail log, confirming she submitted the legal documents for mailing on that date. *See id.* Moreover, in a sworn affidavit, McMullen avers that, after she notarized and made copies of Powell's petition, she then took them to MCCF's mail room to be mailed. *See* Doc. # 27-7. Regarding Powell's amendment to his PCR petition, MCCF's mail log

5

reflects that it was mailed on February 5, 2019, the date which he alleges he submitted such document to Anderson. *See* Doc. # 27-6. Additionally, in a sworn affidavit, Anderson avers that she notarized Powell's amendments, made copies, and then took them to the mail room to be mailed. *See* Doc. # 27-8.

As noted above, Powell failed to respond to the instant motion for summary judgment. Consequently, the only argument before the Court from Powell are his allegations that Defendants must have failed to mail his PCR documents because the circuit court evidently never received them. Such conclusory allegations and unsubstantiated assertions, however, are wholly insufficient to defeat summary judgment. *See Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007).

Moreover, Powell has not demonstrated that Defendants' alleged actions and/or inactions were intentional or deliberate. To the extent that Powell claims that Defendants acted negligently in failing to ensure that his legal documents were received and docketed by the circuit court, such a claim would fail. It is well established that mere negligent conduct by prison officials does *not* rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986), *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Richardson v. McDonnell,* 841 F.2d 120, 122 (5th Cir.1998) (no claim for denial of access to courts recognized where plaintiff alleged that prison officials had negligently misplaced his mail); *Henderson v. Moore,* 2008 WL 5068730, at *4 (S.D. Texas Nov. 21, 2008) (finding that negligence in handling of prisoner's legal mail that resulted in habeas corpus case being dismissed as untimely was insufficient to establish constitutional violation for denial of access to courts).

Even assuming, *arguendo*, that Powell had shown that Defendants failed to mail his legal documents, he has not demonstrated that he suffered any actual prejudice or detriment as a result.

Powell does not dispute that the Wilkinson County Circuit Court received numerous pleadings related to Powell's PCR petition, and the circuit court has not yet ruled on those motions. Moreover, Mississippi's three-year statute of limitations for post-conviction relief contains exceptions, some of which may be applicable to Powell's claims. *See* Miss. Code Ann. § 99-39-5(2). Additionally, Powell could seek leave to file his PCR petition out-of-time based on his allegations in this complaint, but he has not done so. In sum, Powell has not demonstrated that he is now prohibited completely from pursuing post-conviction relief. As such, he has not shown that he suffered actual prejudice or detriment as a result of Defendants' alleged actions (or inactions).

In sum, Powell has not proven that Defendants failed to mail his legal documents, nor that their alleged failure was intentional. Moreover, Powell has not demonstrated that he has actually suffered any prejudice as a result of these allegations. Thus, Powell's claim for denial of access to the courts fails as a matter of law.

## Conclusion

Based on the foregoing discussion, the Court finds that the evidence set forth in this case does not support Powell's claims for denial of access to the courts. Accordingly, Defendants' motion [27] for summary judgment is **GRANTED**, and judgment will be entered in their favor. A separate final judgment in accordance with this Memorandum Opinion and Order will issue today.

**SO ORDERED**, this the 26th day of October, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE